IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY KLINE, | : | Civil No. 4:19-CV-01346 |
| Plaintiff, | : | |
| v. | : | Judge Jennifer P. Wilson |
| ANDREW SAUL,<br>Commissioner of Social Security, | : | |
| Defendant. | : | Magistrate Judge William I. Arbuckle |

## **MEMORANDUM**

This is a social security case brought under 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security ("Commissioner") to deny social security benefits to Plaintiff Amy Kline ("Kline"). The case is presently before the court on a report and recommendation issued by United States Magistrate Judge William I. Arbuckle, which recommends that the court affirm the Commissioner's decision, and Kline's objections to that report and recommendation. For the reasons that follow, the report and recommendation is adopted in its entirety and Kline's objections are overruled.

### PROCEDURAL HISTORY

On October 26, 2016, Kline filed an application for social security disability benefits and disability insurance benefits, alleging that she was disabled due to celiac disease, high blood pressure, neck fusion, osteoarthritis, degenerative disc disease, fibromyalgia, sleep apnea, acid reflux, and coronary artery disease.

1

(Admin. Tr. at 15, 218.) Her claim was denied initially on February 21, 2017. (*Id.* at 15.) Following the initial denial, Kline filed a written request for a hearing on April 10, 2017. (*Id.*) The request for a hearing was granted, and Kline then appeared and testified at the hearing before an Administrative Law Judge ("ALJ") on June 4, 2018. (*Id.*) Following the hearing, the ALJ issued a decision denying Kline's application for benefits on September 19, 2018. (*Id.* at 29.) Kline requested review of the ALJ's decision before the Social Security Administration's Appeals Council, but the Appeals Council denied the request for review on June 11, 2019. (*Id.* at 1.)

Kline initiated the present case through a complaint on August 1, 2019, seeking judicial review of the Commissioner's decision to deny her benefits. (Doc. 1.) The Commissioner answered the complaint on November 7, 2019, and provided a certified copy of the administrative transcript on the same day. (Docs. 7–8.) Following the completion of briefing in the case, *see* Docs. 10, 15–16, Judge Arbuckle issued a report and recommendation on September 14, 2020, recommending that the court uphold the Commissioner's decision to deny Kline benefits. (Doc. 17.) Kline objected to the report and recommendation on September 28, 2020, and the Commissioner filed a response to Kline's objections on October 8, 2020. (Docs. 18–19.) The report and recommendation and Kline's objections are now ripe for the court's review.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

De novo review is not required for portions of a report and recommendation to which no objections have been raised. *Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). Instead, the court is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).

## DISCUSSION

An ALJ considering an application for social security disability benefits must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant meets or equals an impairment listed under the Social Security regulations; (4) whether the claimant is able to do his or her past relevant work; and (5) whether the claimant is able to do any other work, considering his or her age, education, work experience, and residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4). The claimant's RFC must be determined as part of step four of the analysis. *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 201 n.2 (3d Cir. 2019). Although the court reviews the ALJ's legal conclusions under a de novo standard of review, its review of the ALJ's factual findings is limited to determining whether they were supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *see also* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 587 U.S. __, 139 S. Ct. 1148, 1152–54 (2019).

In this case, Kline raised three claims of error in proceedings before Judge Arbuckle. (Doc. 10 at 1.) Specifically, Kline argued that the ALJ erred by (1) failing to properly evaluate her obesity, (2) failing to properly evaluate opinion evidence in the case, and (3) failing to properly evaluate her symptoms. (*Id.*) Judge Arbuckle recommends that the court reject these arguments and uphold the

4

Commissioner's decision to deny Kline benefits, Doc. 17, and Kline raises similar arguments in objecting to Judge Arbuckle's report and recommendation. After conducting a de novo review of Kline's objections,[1] the court will overrule the objections and adopt Judge Arbuckle's report and recommendation in its entirety.

### A. The ALJ Did Not Err in His Evaluation of Kline's Obesity

Kline's first objection arises from the ALJ's consideration of her obesity. (Doc. 18 at 1–2.) Kline argues that both the ALJ and Judge Arbuckle erred by failing to consider "the impact of Kline's obesity on her sleep apnea." (*Id.* at 1.)

This objection is overruled. To begin, the objection is belied by the administrative record, which shows that the ALJ did consider the impact of Kline's obesity on her sleep apnea. (*See* Admin. Tr. at 17–18.) The ALJ identified Kline's sleep apnea as a severe impairment and then stated on the very next page of the opinion that he had "considered the potential impact of the claimant's obesity in causing or contributing to her co-existing impairments as required by Social Security Ruling 02-01p." (*Id.*) Moreover, even assuming arguendo that the ALJ did fail to consider the impact of Kline's obesity, Kline's objection still fails

---

[1] Although the Commissioner argues that Kline's objections do not warrant de novo review because they are based on arguments already raised before Judge Arbuckle, *see* Doc. 19 at 2–3, this argument misapprehends the de novo review standard. *See Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (holding that district court must review objections de novo even where they merely rehash arguments already raised before the magistrate judge). Accordingly, the court has reviewed Kline's objections de novo.

because she does not explain how her obesity impairs her ability to work.  *See Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005) (holding that remand is not required for failure to consider obesity where claimant does not explain how obesity affects her ability to work).

### B. The ALJ Did Not Err in His Evaluation of Opinion Evidence

Kline's next objection arises from the opinion testimony of Kline's treating rheumatologist, Dr. Gallagher.  (*See* Doc. 18 at 2–3.)  Dr. Gallagher opined that Kline was "medically disabled" and could not "take gainful employment on a regular basis," but the ALJ assigned little weight to these opinions because the ALJ found that they were inconsistent with Dr. Gallagher's own treatment notes. (Admin. Tr. at 26.)  Judge Arbuckle recommends that the court uphold the ALJ's discounting of Dr. Gallagher's opinions because the record reflects that the ALJ analyzed all required factors when he reviewed the opinions.  (*See* Doc. 17 at 43–45.)  Kline objects to this conclusion, arguing that Judge Arbuckle erred because he "failed to understand that fibromyalgia can form the basis for a disability claim, even in the absence of objective findings."  (Doc. 18 at 2.)

Although Kline is correct that fibromyalgia can form the basis for a disability claim, her argument rests on a faulty premise because there is nothing in the record to suggest that the ALJ ignored her fibromyalgia.  The ALJ specifically identified fibromyalgia as one of Kline's severe impairments, *see* Admin. Tr. at 17,

and noted that Dr. Gallagher's treatment notes "document[ed] multiple fibromyalgia tender points." (*Id.* at 26.) The ALJ's discounting of Dr. Gallagher's opinions was based on the inconsistency between the opinions and Dr. Gallagher's own treatment notes and had nothing to do with whether there was objective evidence to support the fact that Kline had fibromyalgia. (*See id.*) Thus, it is immaterial whether the report and recommendation considered Kline's fibromyalgia when reviewing the ALJ's weighing of Dr. Gallagher's testimony, and Kline's second objection is accordingly overruled.

## C. The ALJ Did Not Err in His Evaluation of Kline's Symptoms

Finally, Kline objects to the ALJ's reliance on her daily activities. (*See* Doc. 18 at 3–5.) In considering Kline's claim, the ALJ noted that Kline could dress, bathe, and groom herself, that she cooked and prepared food regularly, that she cleaned her house regularly, that she could do laundry with some assistance, that she went grocery shopping regularly, and that she regularly attended social gatherings with her friends. (Admin. Tr. at 21.) The ALJ found that these activities were inconsistent with Kline's subjective allegations regarding her symptoms and that the activities provided additional support to the ALJ's finding that Kline had the RFC to perform sedentary work. (*Id.*) Kline argues that the ALJ erred in reaching this conclusion because her "ability to perform household

chores does not demonstrate that she could perform in a full-time position, on a basis of eight hours per day, five days per week, or the equivalent." (Doc. 18 at 5.)

Kline's third objection is overruled. Contrary to Kline's argument, the ALJ did not infer that she had the ability to perform sedentary work from her ability to engage in daily activities. Rather, Kline's daily activities were simply considered by the ALJ as relevant evidence bearing on the severity of Kline's subjective symptoms. (Admin. Tr. at 21.) The applicable social security regulation specifically directs ALJs to consider a claimant's daily activities when evaluating the severity of the claimant's symptoms. 20 C.F.R. § 404.1529(c)(3)(i). Thus, the ALJ's consideration of Kline's daily activities in this case did not constitute error.

## Conclusion

For the foregoing reasons, Judge Arbuckle's report and recommendation is adopted in its entirety and Kline's objections are overruled. An appropriate order follows.

> s/Jennifer P. Wilson
> JENNIFER P. WILSON
> United States District Court Judge
> Middle District of Pennsylvania

Dated: October 28, 2020